**IN THE UNITED STATES DISTICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SHEENA JONES, individually,
and as the natural guardian
and next friend and on behalf of
Of S.M.J.; and ALAN RETTIG,
individually as the natural guardian
and next friend of S.M.J.**

**Vs.**                                    **CIVIL ACTION NO: #: 24-cv-331-MPM-JMV**

**KHAVIDA MARSHALL,
LATRISHA MOORE,
JANE DOE #1 (a/k/a "WHITE" or
"LINDA WHITE") and JOHN
and JANE DOES #2-10**

---

**FIRST AMENDED COMPLAINT FOR
CIVIL RIGHTS VIOLATION 42 U.S.C. § 1983**

---

COME NOW the Plaintiffs, SHEENA JONES, individually and as natural guardian and next friend, and on behalf of the minor child, S.M.J., ALAN RETTIG, individually and as natural guardian and next friend, and on behalf of the minor child, S.M.J., and S.M.J. a minor child, by and through her natural guardians and next friends. Herein, the Plaintiffs file this their First Amended Complaint for Civil Rights Violations under 42 U.S.C. §1983 and request—that after all necessary, legal delays, the case be tried before a jury and damages awarded.

## I.  INTRODUCTION

1.      This case asserts claims by three people: SHEENA JONES, the natural mother of the minor child, S.M.J., ALAN RETTIG, the adoptive father of the minor child S.M.J., and finally claims by S.M.J. filed through her next friends, natural and legal guardians, the natural mother and adoptive father, SHEENA JONES and ALAN RETTIG.

2.      Claims are brought for damages under the 42 U.S.C.A. §1983 against the individually named Defendants, KHAVIDA MARHSALL, SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1).[1]

3.      Herein, the Plaintiffs collectively assert that MDCPS workers KHAVIDA MARSHALL, LATRISHA MOORE, and SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1), individually and collectively disregarded their ministerial, non-discretionary and legal duties to protect the minor child, S.M.J. and her family. In doing so, the individually named Defendants acted with deliberate indifference  for the safety of the minor child, the integrity of the family, and the substantive and procedural due process rights guaranteed each

---

[1] At the time that these events and occurrences transpired, S.M.J., SHEENA JONES, and ALAN RETTIG only knew the Defendant as "Ms. White." Through their own diligence, they believe the Defendant to be "LINDA WHITE" a former social worker with the Marshall County subdivision of the MDCPS.  "LINDA WHITE" "WHITE" and "JANE DOE #1" are listed as pseudonyms or "alter-egos" of Marshall County MDCPS work "SOCIAL WORKER WHITE". Wherever in the complaint, reference is made to "SOCIAL WORKER WHITE" "WHITE", "LINDA WHITE", or JANE DOE #1, it refers to the same person, whose identity is not known by the Plaintiffs with any certainty.

of the Plaintiffs under the Fourth Amendment of the Constitution, as incorporated by the Fourteenth Amendment as well as the law and spirit of the Mississippi Youth Court Act, Miss. Ann. §43-21-45, et seq. *See, also*, Child Abuse Prevention and Adoption Act, codified at 42 U.S.C.A. § 5101 *et seq.*)

4.     SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1the minor child into custody without legal authority and SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1, KHAVIDA MARSHALL, and LATRISHA MOORE, individually and collectively failed to pursue an informal adjustment process, which would have included a Safety Plan, or seek an order for formally taking custody of the child pursuant to Miss. Ann. §43-21-301, and setting a shelter hearing before a Youth Court judge, as is required by state law, thus taking the minor child without authority of law. (State law requires that Youth Court order the removal of a child, unless there are extenuating emergency circumstances and a court order must be entered before taking the child into custody and a case opened within 48 hours. Miss. Ann. §43-21- 301. See also, U.R.Y.C.P. 11.). *See also*, Miss. Ann. §43-21-303, which states that a child may be held in custody only 24 hours unless the judge enters and order to keep the child in custody.

5.     Without the authority of their agency or any court, SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1), KHAVIDA MARSHALL, and LATRISHA MOORE placed the minor child in the care and

custody of an unrelated, (allegedly fictive kin) against all policy and without an order of the Court, effectively and constructively abandoning the child. No home study was done or background check made before the placement as required by .

6.    For thirteen (13) days MDCPS and its agents—SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1), KHAVIDA MARSHALL, and LATRISHA MOORE—each acting under color of law—deprived S.M.J., SHEENA JONES and ALAN RETTIG of their constitutional right to family integrity without affording them the procedural and substantive due processes of law required by the U.S. Constitution and Mississippi State Law.

7.    During these thirteen (13) days,  CPS and its agents—SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1, KHAVIDA MARSHALL, and LATRISHA MOORE—acting either individually, or in concert, and without any legal authority, released the minor child to SHEENA JONES' step-sister T. Wade, who then absconded with the child across state lines to Jasper, Alabama.

8.    Upon information and belief, MDCPS workers, KHAVIDA MARSHALL, and LATRISHA MOORE and/OR SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1) and JANE and JOHN DOES #2-#10 assisted N. Wilson and T. Wade in the taking of the minor child, by providing T. Wade with a document purporting to provide custody of the minor child to T. Wade.

9.      Upon information and belief, the document provided to T. Wade was not signed, approved or granted by any judicial officer of the State of Mississippi.

10.     Upon discovery that MDCPS had allowed custody of the minor child S.M.J. to be taken into the state of Alabama, SHEENA JONES and ALAN RETTIG continued to seek assistance in having their child returned from MDCPS, KHAVIDA MARSHALL, and LATRISHA MOORE.

11.     However, KHAVIDA MARSHALL, and LATRISHA MOORE and/or SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1) or JANE DOE #2-#10 no action, offered no assistance, and did not report the matter as required by law.

12.     KHAVIDA MARSHALL, and LATRISHA MOORE and/or SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1) simply advised SHEENA JONES and ALAN RETTIG that no court or agency had jurisdiction over the minor child because no Youth Court proceeding had been opened, contrary to state law and the substantive and procedural due process rights of all named Plaintiffs. *See* Youth Court Act, Miss. Ann. §43-21-45, et seq.

13.     KHAVIDA MARSHALL, and LATRISHA MOORE and/or SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1), acting with deliberate indifference to the constitutional rights of the Plaintiffs, took the child without immediately obtaining a court "shelter order" followed by a shelter hearing. In doing so, they endangered the child, S.M.J. inasmuch as the child was

constructively without a guardian and subject to danger and neglect, including but not limited to exposure to the D. Johnson, the man whom she accused of molesting her.

14.    Failing to obtain a court "shelter order" or other such order created an environment wherein T. Wade was able to abscond with the minor child, and flee the jurisdiction.

15.    As a result of the deliberate indifference to the Constitutional right to family integrity, freedom of association, and the substantive and procedural due process rights of all Plaintiffs as guaranteed by the Constitution, SHEENA JONES, ADAM RETTIG suffered injury to their family integrity; suffered emotional and psychological trauma; suffered violation of the Constitutional rights, consequential pecuniary damages, and other damages as may be proven at trial.

**II. PARTIES**

16.    Made Plaintiff herein is S.M.J. S.M.J. is a minor child, the biological daughter of SHEENA JONES. She resides in the state of Florida with SHEENA JONES and ALAN RETTIG. S.M.J.'s claims are brought forward by her biological mother, natural and legal guardian, SHEENA JONES and by her adoptive father and legal guardian ALAN RETTIG. S.M.J. may be served with legal notice through the undersigned attorney of record in accord with Fed. R. Civ. P. 5.

17.    Made Plaintiff herein is SHEENA JONES. SHEENA JONES is the natural and biological guardian of S.M.J. and brings these claims forward in her

individual capacity and as the next friend and representative of S.M.J. SHEENA

JONES may be served with legal notice through the undersigned attorney of record

in accord with Fed. R. Civ. P. 5.

18.     Made Plaintiff herein is ALAN RETTIG. ALAN RETTIG is the

adoptive and legal guardian of S.M.J. and brings these claims forward in his

individual capacity and as the next friend and representative of S.M.J. ALAN

RETTIG may be served with legal notice through the undersigned attorney of

record in accord with Fed. R. Civ. P. 5.

19.     Made Defendant herein is KHAVIDA MARSHALL. KHAVIDA

MARSHALL is an adult resident of the state of Mississippi. KHAVIDA MARSHALL

may be served with process wherever she may be found.  During the events giving

rise to this Complaint, KHAVIDA MARSHALL acted under color of law as a case or

social worker for the Mississippi Department of Child Protective Services.

KHAVIDA MARSHALL may be served wherever she may be found.

20.     Made Defendant herein is LATRISHA MOORE. LATRISHA MOORE

is an adult resident of the state of Mississippi. LATRISHA MOORE may be served

with process wherever she may be found.  During the events giving rise to this

Complaint, LATRISHA MOORE acted under color of law as a case or social worker

for the Mississippi Department of Child Protective Services. LATRISHA MOORE

may be served wherever she may be found.

21.     Made Defendant herein is JANE DOE #1. During the events giving rise to this Complaint, JANE DOE #1 acted under color of law as a case or social worker for the Mississippi Department of Child Protective Services. JANE DOE #1's name is not known to the Plaintiffs and even with due diligence, her name could not be discovered. As described *supra*, JANE DOE #1 was acting under color of law as a MDCPS employee. She was the first MDCPS agent to make contact with S.M.J. or SHEENA JONES and was the MDCPS agent who took actual custody of S.M.J. Upon information and belief, her last name is "White" and may be "Linda White" JANE DOE #1 may be served wherever she may be found.

22.     Made Defendants herein is JANE DOE's #2 and #3. During the events giving rise to this Complaint, JANE DOE's #2 and #3 acted under color of law as a case or social worker for the Mississippi Department of Child Protective Services. JANE DOE's #2 and #3 are identified herein as alternative spellings of KHAVIDA MARSHALL and LATRISHA MOORE in the event that these Plaintiffs given names are incorrectly spelled. JANE DOE #1 and #2 may be served with process wherever they may be found.

23.     Made Defendants herein are JOHN and JANE DOEs #3-#10. During the events giving rise to this Complaint, JOHN and JANE DOEs #3-#10 acted under color of law as agents for the Mississippi Department of Child Protective Services. JOHN and JANE DOEs #3-#10 names are not known to the Plaintiffs and

even with due diligence, their names could not be discovered. JOHN and JANE

DOEs #3-#10 may be served with process wherever they may be found.

### III. JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction over the action in accord

with 28 U.S.C.A. §1331.

25.     This Court has jurisdiction over the person and entities in accord with

the United States Constitution, the Mississippi Constitution of 1890 and Miss. R.

Civ. P. 4. Each of the Defendants resides in Mississippi and the acts complained of

occurred in whole or in part in Tate County, DeSoto County, and Marshall County.

The exercise of jurisdiction by this Court would not offend traditional notions of fair

play and substantial justice.

26.     Venue is proper in this court pursuant to 28 U.S.C.A. § 1391(b). All

Defendants are residents of Mississippi and all Defendants reside within the

district. Moreover, the acts complained of occurred in whole or in part within the

Oxford Division of the Southern District of Mississippi.

### V. FACTS

#### A.     Relevant Facts and Events Prior to October 22, 2021.

27.     Prior to October 22, 2021, Plaintiff, the minor child, S.M.J. reported to

her biological mother and natural guardian, the Plaintiff SHEENA JONES, that

she had been molested by SHEENA JONES' step-father, D. Johnson.  SHEENA

JONES in turn reported this to law enforcement. A criminal investigation proceeded.

28.     The step-father D. Johnson was arrested. Upon information and belief, D. Johnson pled guilty to sex crimes against the minor child. S.M.J.

29.     Following the accusations,  SHEENA JONES broke off all ties with her family, including but not limited to the step father D. Johnson, his wife, Sheena's adoptive mother,  R. Johnson , Sheena's step-sister T. Wade and Sheena's step-brother N. Wilson.

30.     Thereafter, SHEENA JONES, ALAN RETTIG, and S.M.J. re-located to the State of Florida.

**B.     Relevant Facts and Events from October 22, 2021-November 4, 2021.**

31.     On or about October of 2021, SHEENA JONES was traveling with S.M.J. from Florida to Tennessee.

32.     On or about October 22, 2021 SHEENA JONES consented to let R. JOHNSON visit with S.M.J. at a restaurant or other public place in Hernando, MS. She left S.M.J.  in the temporary care of  R. Johnson. SHEENA JONES instructed her not to leave the premises.

33.     On that same day, law enforcement from Tate County contacted Sheena and accused her of abandoning S.M.J. at the home of R. Johnson.

34.     Thereafter, Defendant SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—acting under color of law and as agent/employee of MDCPS—contacted Sheena and advised SHEENA JONES of allegations that S.M.J. was a neglected child.

35.     Defendant SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—acting under color of law and as agent/employee of MDCPS—advised that there were reported allegations of homelessness, truancy, and lack of food regarding the alleged neglect of S.M.J.

36.     Defendant SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—acting under color of law and as agent/employee of MDCPS—advised Sheena Jones that CPS was taking custody of S.M.J. and placing S.M.J. in the care of fictive kin, N. Wilson.

37.     Thereafter, Defendant SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—acting under color of law and as agent/employee of MDCPS—did in fact take S.M.J. into MDCPS custody and  placed S.M.J. in the care of fictive kin, N. Wilson.

38.     On or about  October 22, 2021, Defendant SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—acting under color of law and as agent/employee of MDCPS—took the minor child S.M.J. into state custody without a court order and with no emergency events to warrant said taking.

39.     On or about  October 22, 2021, Defendant CPS worker, SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—acting under color of law and as agent/employee of MDCPS—took the minor child S.M.J. into state custody without a "safety plan" signed by SHEENA JONES or Plaintiff ALAN RETTIG or any legal parent of guardian with the authority to sign a "safety plan."

40.     On or about  October 22, 2021, Defendant SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—acting under color of law and as agent/employee of MDCPS—took the minor child S.M.J. into state custody without a "safety plan" provide to the Court .

41.     Mother and  daughter would see each other only about two times over other again for more fifteen (15) months.

42.     On or about  October 22, 2021, contrary to Mississippi law, Mississippi public policy, the policies and procedures of MDCPS, Article 3, Section 14 of the Mississippi Constitution of 1890, and the Fourth Amendment of the United State Constitution, Defendant SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—acting under color of law and as agent/employee of MDCPS—took the minor child S.M.J. into state custody without an investigation, informal proceeding, or any other lesser steps that could have been taken before removing custody from SHEENA JONES or ALAN RETTIG or any legal parent of guardian.

43.    On or about  October 22, 2021, contrary to Mississippi law, Mississippi public policy, the policies and procedures of MDCPS, Article 3, Section 14 of the Mississippi Constitution of 1890, and the Fourth Amendment of the United State Constitution, as incorporated by the 14th Amendment. Defendant SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—acting under color of law and as agent/employee of MDCPS—took the minor child S.M.J. into state custody without due process of law, in that she failed or refused to contact a Youth Court and advise that she was taking the minor child S.M.J. into custody, though there were no circumstances that would allow the removal of a child from its parent without a court order entered allowing the removal.

44.    SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1) advised SHEENA JONES that there would be a Court hearing on the following Monday, October 25, 2021.

45.    On or about October 25, 2021, SHEENA JONES and ALAN RETTIG contacted MDCPS and spoke with Tate County MDCPS case worker, Defendant KHAVIDA MARHSALL. KHAVIDA MARSHALL advised that it was Monday morning; she had just arrived at the office; that she was unfamiliar with the case, but that she review the matter.

46.    For about thirteen (13) days, Defendant KHAVIDA MARSHALL and her immediate supervisor, Defendant LATISHA MOORE ignored or evaded

inquiries by ALAN RETTIG and SHEENA JONES as to procedure, Youth Court hearing dates, MDCPS's investigation and the well-being of the minor child, S.M.J.

47.     SHEENA JONES advised KHAVIDA MARSHALL that KHAVIDA MARSHALL, SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1), and LATRISHA MOORE  had placed S.M.J. in a home directly next door to the sexual predator, D. Johnson, and requested that S.M.J. be moved.

48.     KHAVIDA MARSHALL ignored the request.

49.     On or about October 26, 2021, ALAN RETTIG provided proof that S.M.J. was enrolled in a Florida school and provided evidence of housing.

50.     KHAVIDA MARSHALL ignored the evidence presented and stated that she had thirty (30) days to review.

51.     KHAVIDA MARSHALL advised that there would be no contact between SHEENA JONES and S.M.J.

52.     ALAN RETTIG requested that S.M.J. be released to his care and custody.

53.     KHAVIDA MARSHALL ignored the request.

54.     Between October 22, 2021 and November 4, 2021, ALAN RETTIG and SHEENA JONES had multiple telephone conversations with KHAVIDA MARSHALL, LATRISHA MOORE, wherein LATRISHA MOORE advised that S.M.J. would remain in the custody of N. Wilson until issues of concern could be resolved.

55.     During these thirteen (13) days, SHEENA JONES and ALAN RETTIG had no or limited communications and contact with their daughter, S.M.J.

56.     Between October 25, 2021 and November 4, 2021, Defendants KHAVIDA MARSHALL and LATRISHA MOORE—acting under color of law and as agent/employee of MDCPS—knew that—SOCIAL WORKER WHITE (a/k/a "WHITE", "LINDA WHITE", or JANE DOE #1)—herself acting under color of law and as agent/employee of MDCPS— had taken the minor child, S.M.J. into custody without any legal right to take said custody.

57.     With deliberate indifference to the safety and well-being of the minor child S.M.J., and in flagrant disregard for the rights of the Plaintiffs under Fourth Amendment of the United States Constitution, the Mississippi Constitution of 1890, and the laws of the State of Mississippi, KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN DOES #1-10 —acting under color of law and as agent/employee of MDCPS—failed to report to a court or any other governing body that S.M.J. was being held by MDCPS contrary to her welfare.

58.     KHAVIDA MARSHALL, LATRISHA MOORE—acting under color of law and as agent/employee of MDCPS—failed take any action to either obtain an order placing the child in MDCPS services pending a shelter hearing or to return the minor child, S.M.J. to her legal guardian and natural mother, SHEENA JONES.

59.     Between October 24th and November 4th, KHAVIDA MARSHALL and LATISHA MOORE—acting under color of law and as agent/employee of MDCPS, and with deliberate indifference for the Plaintiffs' SHEENA JONES, ALAN RETTIG, and S.M.J.'s rights under the Fourth Amendment of the United States Constitution, the Mississippi Constitution of 1890, and the laws of the State of Mississippi—failed to obtain a Court Order, a Court approved safety plan granting the Court jurisdiction over the minor. Child, or to relinquish custody  or to take any other action to protect the child and family.

**C.     Relevant Facts and Events Occurring on and after  November 6, 2021.**

60.      On or about November 6, 2021, SHEENA JONES and ALAN RETTIG made an attempt to contact S.M.J. through N. Wilson. It was then that SHEENA JONES and ALAN RETTIG discovered that on November 4, 2021, SHEENA JONES' step-sister T. Wade had taken S.M.J. to Alabama.

61.     Upon information and belief, KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN DOES #1-10 provided either N. Wilson or T. Wade a document purporting to place S.M.J. into the care and custody of T. Wade.

62.     Upon information and belief, said document was not issued by any Court of law, nor was a copy provided.

63.    In or about December of 2021, SHEENA JONES and ALAN RETTIG retained a counsel in Mississippi and that counsel pursued an action in Tate County Chancery Court.

64.    In the spring of 2022, a Tate County Chancery Court ruled that because S.M.J. was in Alabama and that it did not have jurisdiction over the minor child. In October of 2022, T. Wade moved for permanent custody of the minor child in an Alabama Court. SHEENA JONES and ALAN RETTIG intervened in the Alabama Court proceedings through court appointed counsel.

65.    In May of 2023, SHEENA JONES and ALAN RETTIG finally gained physical custody.

66.    Between November of 2021 and May of 2023, SHEENA JONES and ALAN RETTIG constantly badgered MDCPS for assistance who only advised that they had no jurisdiction over the matter because the child was not in Mississippi.

67.    Between November of 2021 and May of 2023, SHEENA JONES and ALAN RETTIG constantly badgered Alabama law enforcement for assistance.

68.    Between November of 2021 and May of 2023, SHEENA JONES and ALAN RETTIG constantly badgered Mississippi law enforcement for assistance.

## V.  CAUSE OF ACTION

### Count I:  Deprivation Of Constitutional Rights Pursuant to 42 U.S.C. §1983

69.     The Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully set out herein.

70.     By and through the conduct of Defendants' herein, the Plaintiffs were deprived of constitutional rights, and as a result thereof, the Plaintiffs harm, injury, pain and suffering, and emotional distress.

71.     Such acts of KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN Does #1-10 were committed under color of law and under each individual's authority as an officer, agent, or employee of Mississippi Department Child Protective Services and its county office.

72.     KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN Does #1-10 were reckless, malicious, intentional, and committed with deliberate and reckless indifference to the health and safety of S.M.J.. SHEENA JONES, ALAN RETTIG, their family integrity and their Constitutional rights. As a result, the Plaintiffs suffered bodily harm, injury, pain and suffering and emotional distress.

73.     The Plaintiffs' injuries and damages were directly and proximately caused by the following intentional, reckless, careless, negligent and/or deliberately indifferent acts and omissions of KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN DOES #1-10, including, but not limited to:

a.     KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN DOES #1-10 took a minor child, S.M.J. into custody and did not obtain a shelter order within (48) hours;

b.   KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN DOES #1-10 took a minor child, S.M.J. into custody and did not notify or otherwise coordinate with the appropriate judicial authority.

c.   KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN DOES #1-10 took a minor child, S.M.J. into custody without obtaining a signed safety plan.

d.   KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN DOES #1-10 took no action to gain legal custody or jurisdiction over the minor child for more than thirteen (13) day, permitting the child to be taken to a foreign state (without Court Order) and thus depriving the Plaintiffs of their substantive and procedural due process.

e.   Upon information and belief, KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN DOES #1-10 provided T. Wade with an unofficial document purporting to grant custody to her.

f.   KHAVIDA MARSHALL, LATRISHA MOORE, and JANE and JOHN DOES #1-10 failed to report the abduction of S.M.J. by T. Wade to the appropriate authorities and to its own supervisors, all contrary to state statute.

74.   The acts of Defendants as afore described entitle Plaintiffs to an award of compensatory damages.  In addition, such acts and omissions were intentional, wanton, malicious, oppressive, undertaken with reckless indifference, thus entitling Plaintiffs to an award of punitive damages against said Defendants in their individual capacities.

75. Defendants' acts violated 42 U.S.C. § 1983 and as a result of such acts, Plaintiff sustained damages as set forth herein.

## VI. DAMAGES

76. As a direct and proximate result of one or more of the aforesaid breaches, violations, acts and omissions on the part of the Defendants, as hereinabove enumerated, Plaintiff seeks to recover the following damages:

    a.    Pain and suffering, both physical and mental;

    b.    all damages associated with the violation of the Plaintiffs' civil rights;

    c.    Past, Present and Future medical expenses and health care costs;

    d.    Past, present, and future mental anguish and emotional distress;

    e.    Punitive damages;

    f.    Attorneys' fees and expenses; and

    g.    All other damages allowed by law.

## VII. JURY DEMAND

77. The Plaintiff herein demands a trial jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully requests that upon a trial of these causes, judgment be entered against Defendants

(Continued on following page)

for all damages available at law to the Plaintiff caused by the acts and/or omissions of the Defendants and other such legal or equitable remedies and relief prayed for herein

Respectfully submitted, this the 21st day of October, 2024.

**SHEENA JONES, individually,**
**and as the natural guardian**
**and  next friend and on behalf of**
**Of S.M.J.; and  ALAN RETTIG,**
**individually as the natural guardian**
**and next friend of S.M.J.**

By:  */S/ Edward Gibson, Esq.*
EDWARD GIBSON, ESQ. (MSB. NO. 100640)

Of Counsel to the Plaintiffs:

Edward Gibson, Esq. MSB#100640
544 Main St.
Bay St. Louis, MS 39520
228-467-4225
edward@gibsonlawpa.com

Patricia Smith, Esq. MSB# 99872
P.O. Box 589
Vicksburg, MS 39181
601-638-5178
ppsmith@prodigy.net

Page 21 of 21